Swing, J.
This cause is submitted to me upon a general demurrer to the petition.
Plaintiff rendered valuable services to Elizabeth Maher, widow of Peter Maher, deceased, in her lifetime, in nursing and earing for her during a long period of illness. Said Elizabeth Maher agreed to pay plaintiff $5 per week for services, and the claim amounts to $2,060. Nothing was ever paid for the service rendered. Said Elizabeth' Maher died leaving no estate whatever, unless she could be said to have left some interest in her deceased *607 husband’s estate under his will, which could be subjected to the payment of her debts. She left a will in which she recites the said service and indebtedness to plaintiff and her inability to pay it out of her small income from her husband’s estate, and says:
“I therefore direct that the property devised to me by my deceased husband be subjected to the payment of this debt incurred because of the helpless physical condition I have endured for many years, and because I deemed such, service necessary for my welfare. ’ ’
Said Peter Maher by his will devised all his property, real and personal,' to his said wife, Elizabeth, “for-the term of her natural life.” He devised all his estate, real and personal/at the death of his wife, “absolutely and in fee simple”'to his-niece, Mary McCarthy. He named as his executor, Charles'.F. Wil1 liams, Esq., and then provided as follows: - -
“My said executor shall collect the rents and profits issuing-out of my said estate, and pay all debts, taxes and repairs and necessary expenses. My executor shall then pay. the balance to my said wife. "Whenever it may be necessary for the welfare of my said wife and niece, my said executor shall have full power and authority to give a good and valid deed or other evidences of title without the intervention of the probate court or any court, and at a price acceptable to my said wife and niece.”
It is claimed that his last item authorized the executor and made it his duty to sell real estate for the necessary support of the widow, and it is alleged that the executor knew of her helpless condition and needs, and “was requested to sell said real estate and use the proceeds for the care and support and welfare of said Elizabeth Maher, but that he refused and failed to do so. ’ ’
It is also alleged that there were other debts, funeral expenses, etc., of Elizabeth Maher' unpaid.
Plaintiff prays that “she may recover the sum alleged, and that it be adjudged a lien on the real estate of Peter Maher, deceased, and that the executor be required to sell said, real estate and pay said claim and other claims against the estate of Elizabeth Maher,” and for other relief.
The will does not in terms provide that in the event of a sale the widow may consume any part of the' principal of the estate, *608 and I hardly think it will bear construction by implication. It does not in terms provide for anything more than a change of the form of the estate by a sale of the real estate; and that when “necessary for the welfare of the toife and niece.” But if it be granted that the executor was empowered to sell and use the proceeds or' any part' of them, for the support of the widow, I think that was a power that must be exercised in the lifetime of the widow. If she herself had been expressly authorized to sell the real estate and use a part of the proceeds for her support, she must have exercised the power in her lifetime.
In Underhill on Law of Wills, Volume 2, Section 686, it is said:
1 ‘ If land be devised to a person expressly for life■ only, in certain and definite language, with a power of use or disposal, an estate for life only passes and if the devisee dies without exercising the power, it will go to the devisee of the testator as a contingent remainder * # * if he has devised it' over; * * * no estate in the land will pass under the power until it has been executed. Hence, therefore, in the case of real property, if the life tenant who has a power of disposal has not disposed_ of the same during his life in accordance with the power conferred upon him by the testator, the fee simple * # * will go to the persons appointed,” etc.
Also Section 687 to the same effect:
“For, if the power of the life tenant to dispose of the fee of the land for the purpose which is pointed out by the testator has to be executed during his lifetime, and he fails or refuses to execute it for that purpose, the power is extinguished by his death and the fee passes under the will to the remaindermen.”
See also.notes to Sections 686 and 687, and cases cited.
. The law as to the life tenant 'in such case must also be the law as to the executor. The will would seem to show by its terms that the power to sell must be exercised in the lifetime of the widow, for it is said the sale must be at “a price acceptable to my wife and niece.”
This is a hard ease. I would gladly aid the deserving plaintiff if I could. But I am not able to see my way to do it according .'to law.. The demurrer will therefore be sustained.